THE STATE EX REL. PETRONIO, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL. APPELLEES.

[Cite as *State ex rel. Petronio v. Indus. Comm.* (1999), 84 Ohio St.3d 427.]

(No. 97–1020—Submitted August 19, 1998—Decided February 10, 1999.)

*Shapiro, Kendis & Associates* and *Rachel B. Jaffy,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Cordelia A. Glenn,* Assistant Attorney General, for appellees.

**Per Curiam.** Thomas Petronio, appellant, injured his back on the job in 1991, and his workers' compensation claim was allowed for "contusion/sprain low back." Petronio qualified for temporary total disability compensation ("TTD") as of January 13, 1992, apparently with payments to continue based on supplementary

medical evidence. Robert C. Muehrcke, M.D., his attending physician, document-ed Petronio's continued temporary total disability with a series of medical reports; however, some of his reports represented that Petronio's condition had become permanent and others suggested that other nonallowed conditions had caused his disability. Dr. Muehrcke later explained his conflicting reports, but appellee Ohio Bureau of Workers' Compensation ("BWC") had already cut off Petronio's TTD and assessed an overpayment. Today we must decide whether appellee Industrial Commission of Ohio had authority to reject Dr. Muehrcke's explanation in administratively affirming the BWC's decision.

The Court of Appeals for Franklin County denied Petronio's request for a writ of mandamus, ordering the commission (1) to vacate its order retroactively terminating TTD as of December 2, 1992, the first date on which Dr. Muehrcke referred to Petronio's condition as "permanent," and assessing an overpayment, and (2) to reinstate his continuing TTD. The court of appeals found that the commission, as the exclusive evaluator of evidence, was free to reject Dr. Muehrcke's explanation for his conflicting reports. But in this appeal as of right, Petronio claims that the commission was required to credit Dr. Muehrcke's explanation under the rule in *State ex rel. Eberhardt v. Flxible Corp.* (1994), 70 Ohio St.3d 649, 640 N.E.2d 815. We agree and, accordingly, reverse.

Like Dr. Muehrcke, the doctor in *Eberhardt* initially supplied information that suggested that the claimant's condition might have reached maximum medical improvement, or permanency; however, the doctor later clarified that the claim-ant might improve by participating in a rehabilitation program. We found that the doctor's reports, when taken together, proved that he had always considered the claimant's condition temporary. Thus, we held:

"Where a physician renders an ambiguous opinion regarding a claimant's medical condition but thereafter clarifies the ambiguity, the Industrial Commis-sion may not revive the ambiguity as a basis for rejecting the physician's opinion." *Eberhardt* at paragraph two of the syllabus.

No one disputes that Dr. Muehrcke explained in his last report to the commission that Petronio's condition was temporary, total, and the result of his injury at work. The *Eberhardt* rule required the commission to accept that explanation notwithstanding its authority to determine credibility. No other evidence of record established that Petronio's condition had become permanent or reached maximum medical improvement. Thus, we can only conclude that the commission abused its discretion in terminating Petronio's TTD and in declaring an overpayment.

Accordingly, the court of appeals judgment is reversed, and a writ of manda-mus is granted. The commission is ordered to vacate its order terminating Petronio's TTD and assessing an overpayment. The commission is further

ordered to continue Petronio's TTD consistent with Dr. Muehrcke's medical opinion.

*Judgment reversed*
*and writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

---

**LUNDBERG STRATTON, J., dissenting.** I respectfully dissent and would affirm the judgment of the court of appeals.